

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. E.A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-1240
Re: Constable has legal authority to serve
warrant of arrest outside the precinct
and county of his residence.

This will acknowledge receipt of your letter
of August 5, 1939, in which you submit for an opinion
of this department the question:

"Does the constable have legal authority
to go beyond the confines of the county, also
the precinct he serves as constable, to arrest
in misdemeanor cases and collect the fees al-
lowed for arrest and commitment and the mileage
going to arrest and returning with the prison-
er?"

Article 36, C.C.P. of Texas, 1925, provides:

"The following are 'peace officers:' the
sheriff and his deputies, constable, the mar-
shal or policemen of an incorporated town or
city, the officers, non-commissioned officers
and privates of the State ranger force, and
any private person specially appointed to ex-
ecute criminal process."

Article 223, C.C.P. of Texas, 1925, reads:

"A warrant of arrest, issued by any coun-
ty or district clerk, or by any magistrate
(except county commissioners or commissioners

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. R.A. Hodges, page 2

courts, mayors or recorders of an incorporated city or town), shall extend to any part of the State; and any peace officer to whom said warrant is directed, or into whose hands the same has been transferred, shall be authorized to execute the same in any county in this State."

It is clear, therefore, that a constable being a "peace officer" as that term is defined in Article 36, C.C.P., may execute a warrant of arrest in any county in Texas. It was held in the case Henson vs. State, 49 S.W. (2d) 463 that Article 225, supra, does not extend the right of a peace officer to make an arrest outside of his county in the absence of a warrant, and that an arrest made without a warrant is void.

It is, therefore, the opinion of this department, and you are so advised, that a constable has the authority to execute a warrant of arrest not only in every precinct within his county, but as well in any county in the State, and is entitled to the fees and mileage provided by law therefor.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong,
Lloyd Armstrong,
Assistant

LA:ob

APPROVED AUG 19, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB.
CHAIRMAN